UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPORT WORKERS UNION, LOCAL 591,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT STEVEN MAWHINNEY,<br><br>Defendant. | Case No.: 18-cv-1620-BTM-MDD<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**<br><br>**[ECF Nos. 10, 14]** |

Pending before the Court is a Motion for Voluntary Dismissal filed by Plaintiff Transport Workers Union, Local 591 ("the Union"). (ECF Nos. 10, 14). Defendant Robert Steven Mawhinney ("Mawhinney") opposes dismissal. (ECF No. 15). For the reasons set forth below, the Court GRANTS the Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

**I.  BACKGROUND**

The Union filed a Petition to Confirm Arbitration Award against Mawhinney on July 17, 2018. (ECF No. 1). Mawhinney responded on August 2, 2018, arguing the Court did not have jurisdiction to confirm the award pending Mawhinney's appeal of the underlying district court order compelling arbitration

1

and requesting that the Court deny the petition. (ECF No. 9-2).  On September 26, 2018, the Ninth Circuit reversed the district court's order compelling arbitration between Mawhinney and the Union, rendering the arbitration award and the Union's petition to confirm it moot.  *See Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1125 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1457 (2019).  Consequently, on October 1, 2018, Plaintiff moved for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) but did not reference the Ninth Circuit decision. (ECF Nos. 9, 10).  The case was closed the same day. (See Dkt.).  Two weeks later, Defendant filed an opposition to the dismissal. (ECF No. 12).

After considering the briefing, the Court construed Mawhinney's August 2, 2018 Response as an Answer to the Union's Petition, and concluded the case should not have been terminated without a court order and was therefore closed in error. *See* ECF No. 13; Fed. R. Civ. P. 41(a)(1)(A) (i) (providing plaintiffs may dismiss an action without a court order by filing notice *before* opposing serves an answer or motion for summary judgment).  The Court re-opened the case on January 7, 2019 and invited further briefing from the parties on whether the case should be dismissed pursuant to Rule 41(a)(2).  (ECF No. 13).

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 41(a)(1)(a) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared."  In all other cases, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  However, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed.

R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145–46 (9th Cir.1982)).

### III. DISCUSSION

The Union urges dismissal in light of the Ninth Circuit's ruling. (ECF No. 14 at 3-4). The Union also avers that after the Ninth Circuit's decision, the parties resumed litigation before the Administrative Law Judge, who granted the Union's motions to dismiss Mawhinney's claims on December 27, 2018. (ECF No. 14-3). Mawhinney objects to dismissal, asserting that he has appealed the Ninth Circuit and ALJ decisions. (ECF No. 15 at 3). Mawhinney requests that this Court stay the action until the conclusion of the administrative appeal, and further contends that his Answer asserts counterclaims that must remain pending for independent adjudication pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 15 at 6).

Mawhinney's arguments are unavailing. First, Mawhinney's Answer does not assert counterclaims. The Answer asks the Court to deny the Petition, and argues the Court lacks jurisdiction to entertain the Union's petition to confirm an arbitration award pending an appeal of the order compelling that arbitration. (See ECF 9-2 at 4). Because no counterclaim exists to independently adjudicate, Mawhinney's answer does not bar the dismissal of this action in its entirety.

Second, Mawhinney makes no cognizable argument as to why the action should not be dismissed as moot. The Ninth Circuit reversed the district court's decision to compel arbitration. *See American Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1125 (9th Cir. 2018). The Ninth Circuit also denied Mawhinney's petition for rehearing en banc, and the U.S. Supreme Court denied Mawhinney's petition for a writ of certiorari. *See American Airlines, Inc. v. Mawhinney*, No. 16-55006 (9th Cir. Nov. 5, 2018); *Mawhinney v. American Airlines, Inc.*, No. 18-1032

3
18-cv-1620-BTM-MDD

2019 WL 485453 (Mem) (U.S. Apr. 1, 2019). There is no case or controversy to be heard because there is no valid arbitration award to confirm.

Finally, no legal prejudice results to Mawhinney from dismissal. "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Lenches*, 263 F.3d at 976. Mawhinney is no longer bound by an unfavorable arbitration award, and is currently litigating his claims before the U.S. Department of Labor. (ECF No. 15 at 6). Mawhinney's representations that he has been prejudiced by the delays and expenses resulting from the Ninth Circuit's reversal, and his insinuations that this is to the Union's tactical advantage, are unpersuasive. *See id.* The Court concludes no legal prejudice flows from dismissal, especially given that Mawhinney initially asked the Court to deny the Petition. (ECF No. 9-2 at 23). Moreover, because the Court has decided to dismiss this action, Mawhinney's request to stay the proceedings pending his administrative appeal is denied as moot. (ECF No. 15 at 5).

**IV. CONCLUSION**

Because the Petition to Confirm Arbitration Award is moot, the Court GRANTS the Union's Motion for Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(2). The Clerk of Court is directed to enter a final judgment.

IT IS SO ORDERED.

Dated: May 30, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge